[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11072
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 28, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:09-cr-00085-MHT-CSC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NICADEMUS JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(October 28, 2011)

Before BARKETT, HULL, and MARCUS, Circuit Judges.

PER CURIAM:

Following his convictions for simple possession of marijuana and being a felon in possession of a firearm, Nicademus Johnson appeals the district court's denial of his motion to suppress evidence obtained during a warrantless search of his automobile. After review, we affirm.

## I. BACKGROUND

On the night of April 5, 2008, Defendant Johnson and his acquaintance Johnny Fenn went for a drive in Johnson's car. Fenn, who had an outstanding felony arrest warrant, rode in the passenger seat. After receiving a police dispatch call regarding Fenn's presence in the car, Officer Anthony McLendon began to follow them in his police vehicle and activated its lights. However, Johnson continued to drive. Johnson ran a stop sign and drove approximately another 100 to 200 yards before stopping.

Officer McLendon arrested Fenn. After Fenn's arrest, Officer McLendon searched Defendant Johnson's car and discovered in the trunk a handgun and a black bag containing numerous clear plastic bags filled with marijuana. Some loose marijuana was also inside the black bag.

Defendant Johnson filed a pretrial motion to suppress, arguing that the warrantless search of his car was unsupported by probable cause.[1]

A federal magistrate judge conducted an evidentiary hearing on Johnson's suppression motion. The government called Officer McLendon, who first testified about the events leading to the traffic stop. At the time of the stop, Officer McLendon stated it was raining and dark, with a little wind. Officer McLendon and another officer approached the car's passenger side and ordered Fenn out of the car. When Fenn refused, Officer McLendon opened the passenger door and ordered Fenn to get out. Fenn again refused. At that point, Officer McLendon reached into the car, grabbed Fenn, and removed him from the car. Officer McLendon then told Johnson to turn off his car, but Johnson failed to comply.

Officer McLendon smelled raw marijuana when he removed Fenn. The raw marijuana smell was strongest in the back seat area. According to Officer McLendon, he had encountered marijuana 100 to 150 times during his time with the police department. Additionally, based on his training and experience, Officer McLendon testified he was familiar with the difference in odor between burnt and raw marijuana.

---

[1]Johnson appeals only the denial of the suppression of the physical evidence found in his vehicle.

3

After Officer McLendon arrested Fenn, the other officer detained Johnson, and McLendon searched the car. Officer McLendon discovered the handgun and the bag containing marijuana in the trunk.

Defendant Johnson then called Dr. Richard Doty, an expert in the sense of smell. Dr. Doty testified that cold temperature, wind, and rain would all impede the movement of scent molecules. In Dr. Doty's opinion, it would be "next to impossible" for an officer to smell the marijuana inside the black bag in Johnson's trunk, due to the marijuana's packaging and the weather conditions.

On cross-examination, Dr. Doty admitted he was unfamiliar with the potency or strength of smell of the particular marijuana found in Johnson's car. Moreover, Dr. Doty could not testify to the exact temperature or other environmental conditions at the time of the traffic stop. Dr. Doty was unfamiliar with Johnson's vehicle and could not say whether the car's modified rear speakers improved or impeded air flow between the passenger compartment and the trunk.

In his report and recommendation ("R&R"), the magistrate judge recommended denying Johnson's motion to suppress because the vehicle search was supported by probable cause. The magistrate judge found Officer McLendon's testimony credible and gave little weight to Dr. Doty's testimony. The magistrate judge noted that Dr. Doty was unfamiliar with many of the salient

4

facts of the traffic stop and could not address the "multitude of possible scenarios which bear on the question of whether it is possible for an officer to smell raw marijuana."

The district court adopted the R&R, specifically noting that the magistrate judge "appropriately found" Officer McLendon's testimony to be credible. The district court thus denied Johnson's motion to suppress.

Johnson's case proceeded to trial, and a jury found him guilty of simple possession of marijuana and being a felon in possession of a firearm.[2] The district court sentenced Johnson to 12 months' imprisonment as to the marijuana offense and 27 months' imprisonment as to the felon-in-possession offense, both terms to run concurrently. Johnson appeals only the denial of his motion to suppress.

## II. DISCUSSION

A district court's ruling on a motion to suppress presents a mixed question of law and fact. United States v. Bautista-Silva, 567 F.3d 1266, 1271 (11th Cir.

---

[2]The indictment charged Johnson with three offenses: (1) possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); (2) using, carrying, and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and (3) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

Based on the jury instructions and the verdict, it is clear that the jury convicted Johnson of simple possession on Count 1, and acquitted Johnson on Count 2, the § 924(c) offense. However, the judgment reflects that the simple possession conviction was entered under 21 U.S.C. § 841(a) rather than 21 U.S.C. § 844(a). When the case returns to the district court, the district court should correct the statutory reference.

5

2009). We review the district court's factual findings for clear error and review <u>de novo</u> the district court's application of the law to the facts. <u>Id.</u> This Court construes all facts in the light most favorable to the prevailing party. <u>See</u> <u>United States v. Delancy</u>, 502 F.3d 1297, 1304 (11th Cir. 2007). Further, we defer to the district court's credibility determinations, unless they appear "unbelievable." <u>United States v. Ramirez-Chilel</u>, 289 F.3d 744, 749 (11th Cir. 2002).

The automobile exception to the Fourth Amendment's warrant requirement permits "the police to conduct a search of a vehicle if (1) the vehicle is readily mobile[,] and (2) the police have probable cause for the search." <u>United States v. Lindsey</u>, 482 F.3d 1285, 1293 (11th Cir. 2007). The mobility requirement is satisfied by a showing that the automobile is operational. <u>United States v. Watts</u>, 329 F.3d 1282, 1286 (11th Cir. 2003). Because Johnson does not dispute that his car was operational, our only inquiry is whether the officers had probable cause to search the car.

Probable cause for a vehicle search "exists when under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in the vehicle." <u>Lindsey</u>, 482 F.3d at 1293 (quotation marks omitted). Our case law establishes that if a police officer detects the odor of marijuana, this gives rise to probable cause supporting a warrantless search. <u>See</u>

United States v. Tobin, 923 F.2d 1506, 1512 (11th Cir. 1991) (en banc); United States v. Lueck, 678 F.2d 895, 903 (11th Cir. 1982).

Here, Officer McLendon testified that he was familiar with the odor of raw marijuana and smelled it when he removed Fenn from Johnson's car. Nothing inherently unbelievable exists regarding Officer McLendon's testimony. See Ramirez-Chilel, 289 F.3d at 749. We conclude that the district court did not clearly err in crediting Officer McLendon's testimony. Thus, we affirm the district court's denial of Johnson's motion to suppress.

**AFFIRMED.**